# EXHIBIT A

# Case Information

22C-0225 | Kenneth Eichman vs. Lincare Holdings INC., a Delaware corporation; et.al.

| Case Number | Court | Judicial Officer |
|---|---|---|
| 22C-0225 | Hanford - Civil | D'Morias, Melissa |
| File Date | Case Type | Case Status |
| 06/21/2022 | Other Non PI/PD/WD Tort Unlimited | Open |

# Party

**Plaintiff**
Eichman, Kenneth

Active Attorneys ▾

Lead Attorney
Bradley , Marcus Joseph
Retained

---

**Defendant**
Lincare Holdings INC., a Delaware corporation

---

**Defendant**
Lincare INC., a Delaware corporation

---

**Defendant**
Lincare Pharmacy Services, INC., a Delaware corporation

## Events and Hearings

| |
|---|
| 06/21/2022 Complaint |
| 06/21/2022 Summons - Issued & Filed |
| 06/21/2022 Civil Case Cover Sheet |
| 06/22/2022 Received |
| 06/23/2022 Notice of Judicial Assignment and Case Management Conference |
| 06/30/2022 Amended |
| 07/06/2022 Proof of Service of Summons |
| 07/06/2022 Proof of Service of Summons |
| 07/07/2022 Proof of Service of Summons |

10/21/2022 Case Management Conference ▼

Judicial Officer
D'Morias, Melissa

Hearing Time
10:30 AM

## Financial

Eichman, Kenneth

|  |  |  |  |
|---|---|---|---|
| Total Financial Assessment | | | $1,435.00 |
| Total Payments and Credits | | | $1,435.00 |
| 6/22/2022 | Transaction Assessment | | $1,435.00 |
| 6/22/2022 | Efile Credit Card Payment | Receipt # ACIV-09909 | Eichman, Kenneth | ($1,435.00) |

## Service of Process Transmittal Summary

**TO:**   Sheila Kalteux
Lincare Inc.
19387 US Highway 19 N
Clearwater, FL 33764-3102

**RE:**   **Process Served in California**

**FOR:**   Lincare Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KENNETH EICHMAN, an individual, and on behalf of classes of similarly situated individuals vs. LINCARE HOLDINGS INC. |
| **CASE #:** | 22C0225 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/06/2022 at 11:19 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Sheila Kalteux  skalteux@lincare.com |
| | Email Notification,  Paul Tripp  paul.tripp@lincare.com |
| | Email Notification,  John Robertson  JRober33@lincare.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Wed, Jul 6, 2022
**Server Name:**                             Carlos Canas

| Entity Served | LINCARE INC. |
|---------------|--------------|
| Case Number   | 22C-0225     |
| Jurisdiction  | CA           |

| Inserts | | |
|---------|---|---|
|         |   |   |



**SUM-100**

# AMENDED SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
6/30/2022 3:40 PM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings

*Sandra Tafolla* Deputy

Sandra Tafolla

**NOTICE TO DEFENDANT:**

*(AVISO AL DEMANDADO):* LINCARE HOLDINGS INC., a Delaware corporation, LINCARE INC., a Delaware corporation, LINCARE PHARMACY SERVICES, INC., a Delaware corporation, and DOES 1 to 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KENNETH EICHMAN, an individual, and on behalf of classes of similarly situated individuals,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* KINGS COUNTY SUPERIOR COURT
1640 Kings County Blvd., Hanford, CA 93230

CASE NUMBER: *(Número del Caso):*
22C-0225

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: 6/30/2022
*(Fecha)*

Clerk Of Court, Nocona Soboleski Clerk, by *Sandra Tafolla* , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

Sandra Tafolla

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* LINCARE INC., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**AMENDED SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically filed by Superior Court of California, County of Kings,7/5/2022 4:54 PM ,Sandra Tafolla

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
07/06/2022
CT Log Number 541866913

## Service of Process Transmittal Summary

**TO:** Sheila Kalteux
Lincare Inc.
19387 US Highway 19 N
Clearwater, FL 33764-3102

**RE:** **Process Served in California**

**FOR:** Lincare Pharmacy Services Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KENNETH EICHMAN, an individual, and on behalf of classes of similarly situated individuals vs. LINCARE HOLDINGS INC. |
| **CASE #:** | 22C0225 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/06/2022 at 11:19 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Sheila Kalteux  skalteux@lincare.com |
| | Email Notification,  Paul Tripp  paul.tripp@lincare.com |
| | Email Notification,  John Robertson  JRober33@lincare.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | EastTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                               Wed, Jul 6, 2022
**Server Name:**                        Carlos Canas

| Entity Served | LINCARE PHARMACY SERVICES INC. |
|---|---|
| Case Number | 22C-0225 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# AMENDED SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
6/30/2022 3:40 PM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings

*Sandra Tafolla* Deputy
Sandra Tafolla

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* LINCARE HOLDINGS INC., a Delaware corporation, LINCARE INC., a Delaware corporation, LINCARE PHARMACY SERVICES, INC., a Delaware corporation, and DOES 1 to 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KENNETH EICHMAN, an individual, and on behalf of classes of similarly situated individuals,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* KINGS COUNTY SUPERIOR COURT 1640 Kings County Blvd., Hanford, CA 93230 | CASE NUMBER: *(Número del Caso):* 22C-0225 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: 6/30/2022          Clerk Of Court, Nocona Soboleski    Clerk, by    *Sandra Tafolla*    , Deputy
*(Fecha)*                                              *(Secretario)*          Sandra Tafolla       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario  Proof of Service of Summons, (POS-010).)*

[SEAL] — SUPERIOR COURT, KINGS, STATE OF CALIFORNIA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: LINCARE PHARMACY SERVICES, INC., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)              ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100  [Rev. July 1, 2009] | **AMENDED SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |

Electronically filed by Superior Court of California, County of Kings,7/5/2022 4:54 PM ,Sandra Tafolla

**Renee L. Hogue (7576)**

| | |
|---|---|
| **From:** | Tripp, Paul (ptripp1) <Paul.Tripp@lincare.com> |
| **Sent:** | Tuesday, July 12, 2022 9:01 AM |
| **To:** | Michael Hooker (7866); Jason Pill (7664) |
| **Cc:** | Kalteux, Sheila (SKalteux) |
| **Subject:** | FW: Amended Summons |
| **Attachments:** | 36459788.pdf |

Please see attached.
Paul

---

Paul Tripp
General Counsel



Lincare
Phone (727) 431-5348
ptripp1@lincare.com, www.lincare.com

---

**From:** Robertson, John (JRober33) <JRober33@lincare.com>
**Sent:** Tuesday, July 12, 2022 8:59 AM
**To:** Tripp, Paul (ptripp1) <Paul.Tripp@lincare.com>; Kalteux, Sheila (SKalteux) <SKalteux@secure.lincare.com>
**Cc:** Hinkle, Season (SVitiell) <SVitiell@lincare.com>
**Subject:** Amended Summons

**NOTICE OF SERVICE OF PROCESS**

**Transmittal Number: 25199744**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Lincare Holdings Inc. |
| **Entity I.D. Number:** | 1579422 |
| **Entity Served:** | Lincare Holdings Inc. |
| **Title of Action:** | Kenneth Eichman vs. Lincare Holdings Inc. |
| **Matter Name/ID:** | Kenneth Eichman vs. Lincare Holdings Inc. (12548810) |
| **Document(s) type:** | OTHER: Amended Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Kings County Superior Court, California |
| **Case/Reference No:** | 22C-0225 |
| **Jurisdiction Served:** | Delaware |

**Date Served on CSC**        07/07/2022
**Answer or Appearance Due:** 30 Days
**Originally Served On:**      CSC
**How Served:**               Personal Service


**Sender Information:**
Bradley/Grombacher, LLP
805-270-7100

---

**Primary Contact:**
Paul Tripp
Lincare Holdings Inc.

**Electronic copy provided to:**
John Robertson

---

**NOTES:**

To review other documents in this matter, please link to CSC's Matter Management Services at www.cscglobal.com

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

---

John Robertson
Legal Administrative Assistant



Lincare
Phone 727-431-8366 Fax 727-431-1245
Jrober33@lincare.com
www.lincare.com

---

This message contains information that may be confidential or legally privileged and is intended only for the person to which it was sent. It is prohibited for anyone else to disclose, copy, distribute or use the contents of this message. All personal messages express views solely of the sender, which are

not to be attributed to the company with which the sender may be employed or otherwise affiliated, and may not be copied or distributed without this disclaimer. If you are not the intended recipient, (i) any use, distribution or copying of this message is strictly prohibited; and (ii) please notify us immediately at help@mailsysadmin.com or 1 (800) 284-2006, and delete the message and any attachments from your system.

**SUM-100**

# AMENDED SUMMONS
### *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
6/30/2022 3:40 PM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings

*Sandra Tafolla* Deputy
Sandra Tafolla

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* LINCARE HOLDINGS INC., a Delaware corporation, LINCARE INC., a Delaware corporation, LINCARE PHARMACY SERVICES, INC., a Delaware corporation, and DOES 1 to 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KENNETH EICHMAN, an individual, and on behalf of classes of similarly situated individuals,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* KINGS COUNTY SUPERIOR COURT<br>1640 Kings County Blvd., Hanford, CA 93230 | CASE NUMBER: *(Número del Caso):*<br>22C-0225 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: **6/30/2022**       Clerk Of Court, Nocona Soboleski, Clerk, by       *Sandra Tafolla*, Deputy
*(Fecha)*       *(Secretario)*       Sandra Tafolla       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* LINCARE HOLDINGS INC., a Delaware corporation

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**AMENDED SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically filed by Superior Court of California, County of Kings, 7/5/2022 4:54 PM, Sandra Tafolla

Electronically filed by Superior Court of California, County of Kings, 6/22/2022 4:49 PM, Sandra Tafolla

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
           kgrombacher@bradleygrombacher.com
           lking@bradleygrombacher.com

FILED
6/21/2022 6:02 PM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings

_____ **Deputy**
**Sandra Tafolla**

Attorneys for Plaintiff Kenneth Eichman

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## KINGS COUNTY

KENNETH EICHMAN, an individual, and on behalf of classes of similarly situated individuals,

    Plaintiff,

v.

LINCARE HOLDINGS INC., a Delaware corporation, LINCARE INC., a Delaware corporation, LINCARE PHARMACY SERVICES, INC., a Delaware corporation, and DOES 1 to 10, inclusive

    Defendants.

CASE NO: 22C-0225

**CLASS ACTION**
**COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF FOR:**

1. **NEGLIGENCE**
2. **BREACH OF CONTRACT**
3. **BREACH OF IMPLIED CONTRACT**
4. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
5. **UNJUST ENRICHMENT**
6. **VIOLATIONS OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE SECTION 17200, ET SEQ.**
7. **VIOLATIONS OF CALIFORNIA CONSUMER RECORDS ACT, CIVIL CODE SECTION 1798.82, ET SEQ.**
8. **VIOLATIONS CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT, CIVIL CODE SECTION 56, ET SEQ.**
9. **DECLARATORY RELIEF**

    **DEMAND FOR A JURY TRIAL**

1    Plaintiff Kenneth Eichman (collectively, "Plaintiff"), individually and on behalf of all

2  others similarly situated, for his Class Action Complaint, brings this action against Defendants

3  Lincare Holdings Inc., Lincare Inc., Lincare Pharmacy Services, Inc. (collectively, "Lincare" or

4  "Defendants"), based on personal knowledge and the investigation of counsel, and allege as

5  follows:

## I.    INTRODUCTION

7    1.    From September 10, 2021 to September 29, 2021, cyber criminals infiltrated and

8  accessed the inadequately protected computer systems of Defendants Lincare Holdings Inc.,

9  Lincare Inc., Lincare Pharmacy Services, Inc. (collectively, "Lincare" or "Defendant"), one of the

10 largest suppliers of provider of oxygen and other respiratory therapy services, and also a registered

11 pharmacy in the State of California. The cyber criminals gained access to Lincare's computer

12 systems with the apparent intention of stealing company the protected Personal Identifying

13 Information ("PII") and Protected Health Information ("PHI") of individuals whose information was

14 stored on Defendants' computer systems (the "Data Breach"). Ultimately, the cyber criminals

15 succeeded in stealing the sensitive PII and PHI of 500 of those individuals ("Breach Victims").[1]

16    2.    The personal information taken by the cyber criminals includes: names, addresses,

17 social security numbers ("SSNs"), Lincare account numbers, date of birth, and, if that were not

18 damaging enough to the Breach Victims, their personal and confidential medical information,

19 which includes information concerning medical treatments individuals received such as provider

20 name, dates of service, diagnosis/procedure, and/or account or record numbers, health insurance

21 information, and/or prescription information (collectively, "PII and PHI").

22    3.    In short, thanks to Defendants' gross negligence and failure to adequately protect

23 the Breach Victims' PII and PHI, cyber criminals were able to steal everything they could possibly

24 need to commit nearly every conceivable form of identity theft and medical identity theft and wreak

25 havoc on the financial and personal lives of potentially millions of individuals.

[1] The full scope of the Data Breach is unknown. Plaintiff uses this figure throughout the complaint based on the information provided by the U.S. Department of Health and Human Services Office for Civil Rights in its "Breach Portal: Notice to the Secretary of HHS Breach of Unsecured Protected Health Information" available at https://ocrportal.hhs.gov/ocr/breach/breach_report.jsf (last accessed Jun. 17, 2022).

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

4.      Defendants' misconduct—failing to timely implement adequate and reasonable measures to ensure their computer systems and Plaintiff's PII and PHI were protected, failing to timely detect the breach, failing to take adequate steps to prevent and stop the breach, failing to disclose the material facts that they did not have adequate computer systems and security practices to safeguard the PII and PHI, failing to honor their repeated promises and representations to protect the Breach Victims' PII and PHI, and failing to provide timely and adequate notice of the Data Breach— caused substantial harm and injuries to Breach Victims across the United States.

5.      Now that their PII and PHI has been released into the criminal cyber domains, Plaintiff and all Breach Victims are at imminent risk of identity theft and medical identity theft. This risk will continue to exist for years to come, as Breach Victims must spend their time being extra vigilant, due to Defendants' failures, to try to prevent being victimized for the rest of their lives.

6.      Plaintiff bring this class action lawsuit on behalf of a proposed nationwide class and alternative state subclasses to hold Defendants responsible for its grossly negligent—indeed, reckless—failure to use statutorily required or reasonable, industry cybersecurity measures to protect putative class members' PII and PHI.

7.      Because Defendants presented such a soft target to cyber criminals, Plaintiff and Class members have already been subjected to violations of their privacy, fraud, identity theft and medical identity theft, or have been exposed to a heightened and imminent risk of certainly impending fraud, identity theft and medical identity theft. Plaintiff and Class members must now and in the future, spend time to more closely monitor their financial accounts to guard against identity theft and monitor their healthcare accounts to guard against medical identity theft. Plaintiff and Class members may also incur out-of-pocket costs for, among other things, purchasing credit monitoring services, credit freezes, credit reports, or other protective measures to deter and detect identity theft and medical identity theft.

8.      On behalf of himself and all Breach Victims, Plaintiff seeks actual damages, statutory damages, and punitive damages, with attorneys' fees, costs, and expenses under the California Customer Records Act ("CCRA"), Cal. Civ. Code, § 1798.80, et seq., Confidentiality of

2

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

1   Medical Information Act ("CMIA"), Cal. Civ. Code, § 56, et seq., California's Unfair Competition

2   Law ("UCL"), Cal. Bus. Prof. Code, § 17200, et seq., and other state personal and medical privacy

3   laws and state consumer protection and unfair and deceptive practices acts, and further sue

4   Defendants for negligence (including negligence per se), and breach of implied contract. Plaintiff

5   also seeks injunctive relief, including significant improvements to Defendants' data security

6   systems, future annual audits, Defendants-funded long- term credit monitoring services, and other

7   remedies as the Court sees necessary and proper.

8                            **II.     THE PARTIES**

9        9.      Plaintiff Kenneth Eichman is a citizen and resident of the Hanford, California, in

10  Kings County.

11       10.     Defendants Lincare Holdings Inc., Lincare Inc., and Lincare Pharmacy Services,

12  Inc., (collectively, "Lincare" or "Defendant") are all Delaware corporations with their principal

13  place of business in Clearwater, Florida, in Pinellas County. Upon information and belief, they are

14  citizens of California.

15       11.     Lincare is registered with the California Secretary of State to conduct business in

16  the state of California, and can be reached through its agents at: CT Corporation System, 330 N

17  Brand Blvd, Suite 700, Glendale, CA 91203.

18                       **III.     JURISDICTION AND VENUE**

19       12.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as

20  though fully set forth herein.

21       13.     This Court has jurisdiction over this action under California Code of Civil Procedure

22  § 410.10. The total amount of damages incurred by Plaintiff and the Class in the aggregate exceeds

23  the $25,000 jurisdictional minimum of this Court. Further, upon information and belief, the amount

24  in controversy as to Plaintiff individually does not exceed $75,000.

25       14.     This Court has personal jurisdiction over Defendants because they regularly transact

26  business in this state and county, and many Class members reside in this state and county.

27  ///

28  ///

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

15.     Venue is proper in this Court under Business & Professions Code section 17203 and Code of Civil Procedure sections 395(a) and 395.5 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district

## IV.     FACTUAL ALLEGATIONS

16.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

**A. Defendants**

17.     Defendants are one of the largest suppliers of provider of oxygen and other respiratory therapy services, and also a registered pharmacy in the State of California, with over 850 locations nationwide.

18.     As part of Defendants' business, Defendants collects substantial amounts of PII and PHI. The information Defendants collect qualifies as "Personal information" under the California Consumer Records Act ("CCRA"), and other state data breach and information privacy acts. The medical information that Defendants collect qualifies as "Medical information" under the federal Health Information Portability and Accountability Act ("HIPAA"), the California Confidentiality of Medical Information Act (CMIA), and other state medical record protection acts.

**B. The Data Breach**

19.     On or around June 6, 2022, Lincare issued a notice (the "Notice") providing, for the first time, a public notice of "a security incident that may have involved the disclosure of certain personal information."[2]

20.     In the Notice, Lincare notified consumers that on September 26, 2021—almost eight and a half months earlier—it had "identified unusual activity on certain systems within its network." After its investigation, Lincare confirmed that "systems may have first been accessed on September 10, 2021" through September 29, 2021.[3]

21.     This means that the cyber criminals had unrestricted access to the PII and PHI of

---

[2] A version of the notice is available at https://www.lincare.com/-/media/project/lincare/files/security_notice.pdf (last accessed Jun. 20, 2022).

[3] *Ibid.*

1    Plaintiff and all Breach Victims for at least 19 days, from September 10 to September 29.

2        22.    The Notice went on to say that on April 20, 2022, almost seven months after

3    discovering the Data Breach, Lincare confirmed (with assistance from third-party forensic experts)

4    that PII and PHI within its networks "was involved" in the security incident.

5        23.    Yet, despite knowing many patients were in danger, Defendants did nothing to warn

6    Breach Victims until 206 days later—a delay of almost seven months, an unreasonable amount of

7    time under any objective standard. During this time, the cyber criminals had free reign to surveil

8    and defraud their unsuspecting victims. Lincare apparently chose to complete its internal

9    investigation and develop its excuses and speaking points before giving class members the

10   information they needed to protect themselves against fraud, identity theft and medical identity

11   theft.

12       24.    After its comprehensive manual and programmatic review which "required

13   customize protocols and programming in order to analyze the data and identify key information,"

14   Defendants determined that:

15           The information at issue varies by patient and may include first and last names,

16           addresses, Lincare account numbers, date of birth, medical information, which may

17           include information concerning medical treatments individuals received such as

18           provider name, dates of service, diagnosis/procedure, and/or account or record

19           numbers, health insurance information, and/or prescription information. In very

20           limited circumstances patient Social Security numbers may have been impacted.[4]

21       25.    This was a staggering coup for the cyber criminals and a stunningly bad showing

22   for Defendants.

23       26.    It is apparent from Defendants' notice letter that the PII and PHI contained within

24   its network was not encrypted.

25       27.    In spite of the severity of the Data Breach, Defendants have done very little to

26   protect Breach Victims. In the Notice, Lincare states that it is notifying Breach Victims so that they

27

28   _____
     [4] *Ibid.*

Electronically filed by Superior Court of California, County of Kings 6/22/2022 4:49 PM, Sandra Tafolla

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

1    can take step "to further protect [their] information, should [they] feel it is appropriate to do so."[5]

2    In effect, shirking its responsibility for the harm it has caused and putting it all on the Breach

3    Victims.

4        28.    Defendants failed to adequately safeguard Plaintiff and Class members' PII and

5    PHI, allowing the cyber criminals to access this wealth of priceless information for almost three

6    full weeks, and then use it for over eight months before Lincare warned the criminals' victims, the

7    Breach Victims, to be on the lookout.

8        29.    Defendants Lincare failed to spend sufficient resources on monitoring external

9    access and training its employees to identify penetration threats and defend against them.

10       30.    Defendants had obligations created by HIPPA, the CMIA, reasonable industry

11   standards, its own contracts with its patients and employees, common law, and its representations

12   to Plaintiff and Class members, to keep their PII and PHI confidential and to protect the information

13   from unauthorized access.

14       31.    Plaintiff and Class members provided their PII and PHI to Lincare with the

15   reasonable expectation and mutual understanding that Lincare would comply with its obligations

16   to keep such information confidential and secure from unauthorized access.

17       32.    Indeed, as discussed below, Lincare promised Plaintiff and Class members that it

18   would do just that.

19   **C. Defendants Expressly Promised to Protect PII and PHI**

20       33.    Lincare provides all patients, including Plaintiff and Class members, its Notice of

21   Privacy Practices. Lincare's Notice of Privacy Practices states, as relevant, that they "are required

22   by law to maintain the privacy of protected health information and provide you notice of our legal

23   duties and privacy practices with respect to protected health information."[6]

24       34.    Likewise, Lincare provides every patient a "Patient Bill of Rights" that assures the

25   patients of their right to the confidentiality of all their records provided to, generated by, or retained

26

27   [5] *Ibid.*

28   [6] Lincare, "HIPAA Privacy Policy – Notice of Privacy Practices" available at:
       https://www.lincare.com/en/policies/hipaa (last accessed Jun. 20, 2022).

CLASS ACTION COMPLAINT

1    by Lincare:

2        35.    Notwithstanding the foregoing assurances and promises, Lincare failed to protect
3    the PII and PHI of Plaintiff and other Class members from cyber criminals, as conceded in the
4    Notice and letters to Breach Victims.

5        36.    If Lincare truly understood the importance of safeguarding patients' PII and PHI, it
6    would acknowledge its responsibility for the harm it has caused, and would compensate class
7    members, provide long-term protection for Plaintiff and the Class, agree to Court-ordered and
8    enforceable changes to its cybersecurity policies and procedures, and adopt regular and intensive
9    training to ensure that a data breach like this never happens again.

10       37.    Defendants' data security obligations were particularly important given the known
11   substantial increase in data breaches in the healthcare industry, including the recent massive data
12   breach involving LabCorp, Quest Diagnostics, and American Medical Collections Agency. And
13   given the wide publicity given to these data breaches, there is no excuse for Lincare's failure to
14   adequately protect Plaintiff and Class members' PII and PHI.

15       38.    That information, is now in the hands of cyber criminals who will use it if given the
16   chance. Much of this information is unchangeable and loss of control of this information is
17   remarkably dangerous to consumers.

18   **D. Defendants had an Obligation to Protect PII and PHI under Federal and State Law**
19   **and the Applicable Standard of Care**

20       39.    Defendants is an entity covered by HIPAA (45 C.F.R. § 160.102). As such, it is
21   required to comply with the HIPAA Privacy Rule and Security Rule, 45 C.F.R. Part 160 and Part
22   164, Subparts A and E ("Standards for Privacy of Individually Identifiable Health Information"),
23   and Security Rule ("Security Standards for the Protection of Electronic Protected Health
24   Information), 45 C.F.R. Part 160 and Part 164, Subparts A and C.

25       40.    HIPAA's Privacy Rule or Standards for Privacy of Individually Identifiable Health
26   Information establishes national standards for the protection of health information.

27       41.    HIPAA's Security Rule or Security Standards for the Protection of Electronic
28   Protected Health Information establishes a national set of security standards for protecting health

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

7

1    information that is health or transferred in electronic form.

2         42.    HIPAA requires Defendants to "comply with the applicable standards,
3    implementation specifications, and requirements" of HIPAA "with respect to electronic protected
4    health information." 45 C.F.R. § 164.302.

5         43.    "Electronic protected health information" is "individually identifiable health
6    information . . . that is (i) Transmitted by electronic media; (ii) maintained in electronic media." 45
7    C.F.R. § 160.103.

8         44.    HIPAA's Security Rule requires Defendants to do the following:

9         a.   Ensure the confidentiality, integrity, and availability of all electronic protected
10             health information the covered entity or business associate creates, receives,
11             maintains, or transmits;

12        b.   Protect against any reasonably anticipated threats or hazards to the security or
13             integrity of such information;

14        c.   Protect against any reasonably anticipated uses or disclosures of such information
15             that are not permitted; and

16        d.   Ensure compliance by its workforce.

17        45.    HIPAA also required Defendants to "review and modify the security measures
18    implemented . . . as needed to continue provision of reasonable and appropriate protection of
19    electronic protected health information." 45 C.F.R. § 164.306(e).

20        46.    HIPAA also required Defendants to "[i]mplement technical policies and procedures
21    for electronic information systems that maintain electronic protected health information to allow
22    access only to those persons or software programs that have been granted access rights." 45 C.F.R.
23    § 164.312(a)(1).

24        47.    The HIPAA Breach Notification Rule, 45 CFR §§ 164.400-414, also required
25    Defendants to provide notice of the breach to each affected individual without unreasonable delay
26    and in no case later than 60 days following discovery of the breach."[7]

27

28   [7] U.S. Department of Health and Human Services, "Breach Notification Rule" available at
         https://www.hhs.gov/hipaa/for-professionals/breach-notification/index.html (last accessed Jun. 20, 2022).

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

8

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM,Sandra Tafolla

48.     Defendants was also prohibited by the Federal Trade Commission Act ("FTC Act") (15 U.S.C. §45) from engaging in "unfair or deceptive acts or practices in or affecting commerce." The Federal Trade Commission ("FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. *See, e.g., FTC v. Wyndham Worldwide Corp.* (3d Cir. 2015) 799 F.3d 236.

49.     As described before, Defendants are also required (by the CCRA, CMIA and various other states' laws and regulations) to protect Plaintiff's and Class members' PII and PHI, and further, to handle any breach of the same in accordance with applicable breach notification statutes.

50.     In addition to their obligations under federal and state laws, Defendants owed a duty to Breach Victims whose PII and PHI was entrusted to Defendants to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PII and PHI in its possession from being compromised, lost, stolen, accessed, and misused by unauthorized persons. Defendants owed a duty to Breach Victims to provide reasonable security, including consistency with industry standards and requirements, and to ensure that its computer systems and networks, and the personnel responsible for them, adequately protected the PII and PHI of the Breach Victims.

51.     Defendants owed a duty to Breach Victims whose PII and PHI was entrusted to Defendants to design, maintain, and test its computer systems and network to ensure that the PII and PHI in Defendants' possession was adequately secured and protected.

52.     Defendants owed a duty to Breach Victims whose PII and PHI was entrusted to Defendants to create and implement reasonable data security practices and procedures to protect the PII and PHI in their possession, including adequately training its employees and others who accessed Personal Information within its computer systems on how to adequately protect PII and PHI.

53.     Defendants owed a duty to Breach Victims whose PII and PHI was entrusted to Defendants to implement processes that would detect a breach on its data security systems in a timely manner.

///

CLASS ACTION COMPLAINT

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

54.     Defendants owed a duty to Breach Victims whose PII and PHI was entrusted to Defendants to act upon data security warnings and alerts in a timely fashion.

55.     Defendants owed a duty to Breach Victims whose PII and PHI was entrusted to Defendants to adequately train and supervise its employees to identify and avoid any penetration attacks.

56.     Defendants owed a duty to Breach Victims whose PII and PHI was entrusted to Defendants to disclose if its computer systems and data security practices were inadequate to safeguard individuals' PII and PHI from theft because such an inadequacy would be a material fact in the decision to entrust PII and PHI with Defendants.

57.     Defendants owed a duty to Breach Victims whose PII and PHI was entrusted to Defendants to disclose in a timely and accurate manner when data breaches occurred.

58.     Defendants owed a duty of care to Breach Victims because they were foreseeable and probable victims of any inadequate data security practices.

**E. Defendants Were on Notice of Cyber Attack Threats and the Inadequacy of Its Data Security**

59.     Defendants were on notice that companies in the healthcare industry were targets for cyberattacks.

60.     Defendants were on notice that the FBI has been concerned about data security in the healthcare industry. In August 2014, after a cyberattack on Community Health Systems, Inc., the FBI warned companies within the healthcare industry that hackers were targeting them. The warning stated that "[t]he FBI has observed malicious actors targeting healthcare related systems, perhaps for the purpose of obtaining the Protected Healthcare Information (PHI) and/or Personally Identifiable Information (PII)."[8]

///

///

///

---

[8] Jim Finkle, FBI Warns Healthcare Firms that they are Targeted by Hackers, REUTERS (Aug. 20, 2014), https://www.reuters.com/article/us-cybersecurity-healthcare-fbi/fbi-warns-healthcare-firms-they-are-targeted-by-hackers-idINKBN0GK24U20140820

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

61.     The American Medical Association ("AMA") has also warned healthcare companies about the importance of protecting their patients' confidential information:

> Cybersecurity is not just a technical issue; it's a patient safety issue. AMA research has revealed that 83% of physicians work in a practice that has experienced some kind of cyberattack. Unfortunately, practices are learning that cyberattacks not only threaten the privacy and security of patients' health and financial information, but also patient access to care.[9]

62.     As implied by the above quote from the AMA, stolen PII and PHI can be used to interrupt important medical services themselves. This has already an imminent and certainly impending risk for all Breach Victims.

63.     Defendants were on notice that the federal government has been concerned about healthcare company data encryption. Defendants knew they kept protected health information in its networks and yet did not encrypt its networks.

64.     The United States Department of Health and Human Services' Office for Civil Rights urges the use of encryption of data containing sensitive personal information. As long ago as 2014, the Department fined two healthcare companies approximately two million dollars for failing to encrypt laptops containing sensitive personal information. In announcing the fines, Susan McAndrew, the DHHS's Office of Civil Rights' deputy director of health information privacy, stated "[o]ur message to these organizations is simple: encryption is your best defense against these incidents."[10]

65.     As a covered entity or business associate under HIPAA, Lincare should have known about its weakness toward penetration threats and sought better protection for the PII and PHI accumulating on their networks.

---

[9] Andis Robeznieks, Cybersecurity: Ransomware attacks shut down clinics, hospitals, AM. MED. ASS'N (Oct. 4, 2019), https://www.ama-assn.org/practice-management/sustainability/cybersecurity-ransomware-attacks-shut-down-clinics-hospitals

[10] ," U.S. Department of Health and Human Services, "Stolen Laptops Lead to Important HIPAA Settlements" (Apr. 22, 2014), available at https://wayback.archive-it.org/3926/20170127085330/https://www.hhs.gov/about/news/2014/04/22/stolen-laptops-lead-to-important-hipaa-settlements.html

66.     Moreover, Lincare's reckless and cavalier attitude toward cyber security and confidentiality has been longstanding. Previously, in February 2017, Lincare recklessly revealed and publicly exposed the PII of approximately 14,000 people. It improperly did so by releasing current and former employees W-2's as a result of a phishing email. This incident is sufficient to place Defendants on notice of its in adequate cybersecurity policies and protocols. Furthermore, in 2016, the Office for Civil Rights fined Lincare nearly $240,000 for failure to implement written policies and procedures to protect patient information that was taken off-site.[11] Unfortunately, Lincare's "ho-hum attitude" toward cyber theft reflects a dangerous and reckless attitude: companies view corporate security breaches as so frequent and ubiquitous that they have become little more than a routine cost of doing business.

### F. A Data Breach like Lincare's Results in Debilitating Losses to Consumers

67.     Each year, identity theft causes tens of billions of dollars of losses to victims in the United States.[12] Cyber criminals can leverage Plaintiff's and Class members' PII and PHI that was stolen in the Data Breach to commit thousands-indeed, millions-of additional crimes, including opening new financial accounts in Breach Victims' names, taking out loans in Breach Victims' names, using Breach Victims' names to obtain medical services and government benefits, using Breach Victims' Personal Information to file fraudulent tax returns, using Breach Victims' health insurance information to rack up massive medical debts in their names, using Breach Victims' health information to target them in other phishing and hacking intrusions based on their individual health needs, using Breach Victims' information to obtain government benefits, filing fraudulent tax returns using Breach Victims' information, obtaining driver's licenses in Breach Victims' names but with another person's photograph, and giving false information to police during an arrest. Even worse, Breach Victims could be arrested for crimes identity thieves have committed.

///

---

[11] Evan Sweeney, "Former employees sue respiratory therapy supplier Lincare over February data breach" FIERCE HEALTHCARE (Oct. 20, 2017) https://www.fiercehealthcare.com/privacy-security/lincare-class-action-lawsuit-data-breach-legal-ocr-fine-phishing-scam

[12] 68."Facts + Statistics: Identity Theft and Cybercrime," Insurance Info. Inst., https://www.iii.org/fact-statistic/facts-statistics-identity-theft-and-cybercrime (discussing Javelin Strategy & Research's report "2018 Identity Fraud: Fraud Enters a New Era of Complexity") (last accessed Jun. 20, 2022).

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

68. PII and PHI is such a valuable commodity to identity thieves that once the information has been compromised, criminals often trade the information on the cyber black-market for years.

69. This was a financially motivated data breach, as the only reason the cyber criminals stole Plaintiff's and the Class members' PII and PHI from Lincare was to engage in the kinds of criminal activity described above in paragraph 66, which will result, and has already begun to, in devastating financial and personal losses to Breach Victims.

70. This is not just speculative. As the FTC has reported, if hackers get access to PII and PHI, they will use it.

71. Hackers may not use the information right away. According to the U.S. Government Accountability Office, which conducted a study regarding data breaches:

[I]n some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[13]

72. For instance, with a stolen social security number, which is part of the PII and PHI compromised in the Data Breach, someone can open financial accounts, get medical care, file fraudulent tax returns, commit crimes, and steal benefits.[14] Identity thieves can also use the information stolen from Breach Victims to qualify for expensive medical care and leave them and their contracted health insurers on the hook for massive medical bills.

73. Medical identity theft is one of the most common, most expensive, and most difficult to prevent forms of identity theft. According to Kaiser Health News, "medical-related identity theft accounted for 43 percent of all identity thefts reported in the United States in 2013," which is more

---

[13] U.S. Government Accountability Office, "Data Breaches Are Frequent, but Evidence of Resulting Identity Theft Is Limited; However, the Full Extent Is Unknown" (Jul. 5, 2007) available at https://www.gao.gov/assets/a262904.html (last accessed Jun. 20, 2022).

[14] *See, e.g.,* Christine DiGangi, "What Can You Do with a Stolen Social Security Number" (Jun. 29, 2020) available at https://www.credit.com/blog/5-things-an-identity-thief-can-do-with-your-social-security-number-108597 (last accessed Jun. 20, 2022).

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

1    "than identity thefts involving banking and finance, the government and the military, or

2    education."[15]

3         74.    "Medical identity theft is a growing and dangerous crime that leaves its victims with

4    little to no recourse for recovery," reported Pam Dixon, executive director of World Privacy Forum.

5    "Victims often experience financial repercussions and worse yet, they frequently discover

6    erroneous information has been added to their personal medical files due to the thief's activities."[16]

7         75.    As indicated by Jim Trainor, second in command at the FBI's cyber security

8    division: "Medical records are a gold mine for criminals—they can access a patient's name, DOB,

9    Social Security and insurance numbers, and even financial information all in one place. Credit cards

10   can be, say, five dollars or more where PHI can go from $20 say up to—we've seen $60 or $70

11   [(referring to prices on dark web marketplaces)]."[17] A complete identity theft kit that includes

12   health insurance credentials may be worth up to $1,000 on the black market.[18]

13        76.    A study by Experian found that the average total cost of medical identity theft is

14   "about $20,000" per incident, and that a majority of victims of medical identity theft were forced

15   to pay out-of-pocket costs for healthcare they did not receive in order to restore coverage.[19] Almost

16   half of medical identity theft victims lose their healthcare coverage as a result of the incident, while

17   nearly one- third saw their insurance premiums rise, and forty percent were never able to resolve

18   their identity theft at all.[20]

19   ///

20

21   [15] Michael Ollove, "The Rise of Medical Identity Theft in Healthcare," KAISER HEALTH NEWS (Feb. 7, 2014)
        https://khn.org/news/rise-of-indentity-theft/.

22   [16] Ibid.

23   [17] IDExperts, "You Got It, They Want It: Criminals Targeting Your Private Healthcare Data, New Ponemon Study
        Shows" (May 14, 2015) available at https://www.idx.us/knowledge-center/you-got-it-they-want-it-criminals-
        are-targeting-your-private-healthcare-dat (last accessed Jun. 20, 2022).

24   [18] PricewaterhouseCoopers, "Managing cyber risks in an interconnected world: Key findings from The Global State
25      of Information Security Survey 2015" available at https://www.pwc.com/gx/en/consulting-services/information-
        security-survey/assets/the-global-state-of-information-security-survey-2015.pdf (last accessed Jun. 20, 2022).

26   [19] Elinor Mills, "Study: Medical Identity Theft is Costly for Victims" CNET (Mar. 3, 2010)
        https://www.cnet.com/news/study-medical-identity-theft-is-costly-for-victims/

27   [20] Id.; see also Brian O'Connor, Healthcare Data Breach: What to Know About them and What to Do After One,
28      EXPERIAN (Jun. 14, 2018) https://www.experian.com/blogs/ask-experian/healthcare-data-breach-what-to-
        know- about-them-and-what-to-do-after-one/

Electronically filed by Superior Court of California, County of Kings.6/22/2022 4:49 PM, Sandra Tafolla

14

77.     As described above, identity theft victims must spend countless hours and large amounts of money repairing the impact to their credit.[21]

78.     The danger of identity theft is compounded when a minor's PII and PHI is compromised because minors typically have no credit reports to monitor. Thus, it can be difficult to monitor because a minor cannot simply place an alert on their credit report or "freeze" their credit report when no credit report exists.

79.     Defendants' offer of one year of identity monitoring to Plaintiff and the Class is woefully inadequate. While some harm has begun already, the worst may be yet to come. There may be a time lag between when harm occurs versus when it is discovered, and also between when PII and PHI is stolen and when it is used. Furthermore, identity monitoring only alerts someone to the fact that they have already been the victim of identity theft (i.e., fraudulent acquisition and use of another person's PII and PHI)—it does not prevent identity theft.[22] This is especially true for many kinds of medical identity theft, for which most credit monitoring plans provide little or no monitoring or protection.

80.     As a direct and proximate result of the Data Breach, Plaintiff and the Class have been placed at an imminent, immediate, and continuing increased risk of harm from fraud and identity theft. Plaintiff and the Class must now take the time and effort to mitigate the actual and potential impact of the Data Breach on their everyday lives, including placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, healthcare providers, closing or modifying financial accounts, and closely reviewing and monitoring bank accounts, credit reports, and health insurance account information for unauthorized activity for years to come.

///

///

///

[21] Federal Trade Commission, "Guide for Assisting Identity Theft Victims" (Sept. 2013) available at https://www.hiresafe.com/wp-content/uploads/2019/10/Guide-for-Assisting-ID-Theft-Victims.pdf (last accessed Jun. 20, 2022).

[22] *See, e.g.,* Kayleigh Kulp, Credit Monitoring Services May Not Be Worth the Cost, CNBC (Nov. 30, 2017) https://www.cnbc.com/2017/11/29/credit-monitoring-services-may-not-be-worth-the-cost.html

15

CLASS ACTION COMPLAINT

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

81.     Plaintiff and the Class have suffered, and continue to suffer, actual harms for which they are entitled to compensation, including:

    a.  Trespass, damage to, and theft of their personal property including PII and PHI;

    b.  Improper disclosure of their PII and PHI;

    c.  The imminent and certainly impending injury flowing from potential fraud and identity theft posed by their PII and PHI being placed in the hands of criminals and having been already misused;

    d.  The imminent and certainly impending risk of having their confidential medical information used against them by spam callers to defraud them;

    e.  Damages flowing from Defendants untimely and inadequate notification of the data breach;

    f.  Loss of privacy suffered as a result of the Data Breach, including the harm of knowing cyber criminals have their PII and PHI and that fraudsters have already used that information to initiate spam calls to members of the Class;

    g.  Ascertainable losses in the form of out-of-pocket expenses and the value of their time reasonably expended to remedy or mitigate the effects of the data breach;

    h.  Ascertainable losses in the form of deprivation of the value of customers' personal information for which there is a well-established and quantifiable national and international market;

    i.  The loss of use of and access to their credit, accounts, and/or funds;

    j.  Damage to their credit due to fraudulent use of their PII and PHI; and

    k.  Increased cost of borrowing, insurance, deposits and other items which are adversely affected by a reduced credit score.

82.     Moreover, Plaintiff and Class have an interest in ensuring that their information, which remains in the possession of Defendant, is protected from further breaches by the implementation of security measures and safeguards.

83.     Defendants themselves acknowledged the harm caused by the data breach because it offered Plaintiff and Class members twelve months of identity theft repair and monitoring

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

1    services. Twelve months of identity theft and repair and monitoring is woefully inadequate to

2    protect Plaintiff and Class members from a lifetime of identity theft risk and does nothing to

3    reimburse Plaintiff and Class members for the injuries they have already suffered.

4    **G. Plaintiff's Experiences**

5         84.    The risks and harms discussed above have already begun happening to Plaintiff and

6    other Breach Victims.

7         85.    Plaintiff's experiences are not unique from those of other Breach Victims, as their

8    PII and PHI was exposed in the same Data Breach to the same malicious actors.

9    **Plaintiff Kenneth Eichman**

10        86.    Plaintiff Eichman obtained medical supplies from Lincare, to manage a health

11   condition.

12        87.    Plaintiff Eichman provided his PII and PHI, as was required of him in order to obtain

13   the medical supplies he received from Lincare.

14        88.    On or about June 6, 2022, Plaintiff Eichman received a letter from Lincare,

15   informing him that his "name, medical information, which may include information concerning

16   medical treatments you received such as provider name, dates of service, diagnosis/procedure,

17   and/or account or record numbers" was subject to unauthorized access.

18        89.    As a direct result of the theft of his PII and PHI from the Data Breach, Plaintiff

19   Eichman has experienced stress and anxiety, and has been caused to spend time investigating and

20   attempting to correct these errors and to prevent fraud or identity theft.

21        90.    Because of the Data Breach, Plaintiff Eichman's PII and PHI is now in the hands of

22   cyber criminals. Plaintiff Eichman is now under imminent risk of identity theft and fraud, thanks

23   to Defendants' negligence.

24        91.    Plaintiff Eichman has also suffered injury directly and proximately caused by the

25   Data Breach, including: (a) theft of Plaintiff Eichman's valuable PII and PHI; (b) the imminent and

26   certain impending injury flowing from fraud and identity theft by Plaintiff Eichman's PII and PHI

27   being placed in the hands of cyber criminals; (c) damages to and diminution in value of Plaintiff

28   Eichman's PII and PHI that was entrusted to Defendants for the sole purpose of obtaining medical

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

17

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM,Sandra Tafolla

1   products and services necessary for Plaintiff Eichman's health with the understanding that

2   Defendants would safeguard this information against disclosure; (d) loss of the benefit of the

3   bargain with Defendants to provide adequate and reasonable data security—i.e., the difference in

4   value between what Plaintiff Eichman should have received from Defendants when Defendants

5   represented Plaintiff Eichman's PII and PHI would be protected by reasonable data security and

6   Defendants' defective and deficient performance of that obligation by failing to provide reasonable

7   and adequate data security and failing to protect Plaintiff Eichman's PII and PHI; and (e) continued

8   risk to Plaintiff Eichman's PII and PHI, which remains in the possession of Defendants and which

9   is subject to further breaches so long as Defendants fails to undertake appropriate and adequate

10   measures to protect the PII and PHI that was entrusted to Defendant.

11   **H. Plaintiff's Exhaustion of Administrative Remedies – California Consumer Privacy**

12   **Act**

13   92.    Plaintiff is currently complying with the procedures for bringing suit specified in

14   California Civil Code section 1798.50(b).

15   93.    Plaintiff will give required notice to Defendants of the specific provisions of the

16   California Consumer Privacy Act to have been violated, including the facts and theories to support

17   the alleged violations.

18   94.    This Complaint will be amended when more than thirty (30) days have passed since

19   the date the notice was mailed to Defendants, if Defendants do not cure the effects of the Data

20   Breach, which would require retrieving the PII or securing the PII from continuing and future use,

21   within 30 days of delivery of such CCPA notice letter (which Plaintiff believes any such cure is not

22   possible under these facts and circumstances).

23                   **V.    CHOICE OF LAW FOR NATIONWIDE CLAIMS**

24   95.    The State of California has a significant interest in regulating the conduct of

25   businesses operating within its borders. California seeks to protect the rights and interests of all

26   California residents and citizens of the United States against a company registered and doing

27   business in California. California has a greater interest in the nationwide claims of Plaintiff and

28   members of the Nationwide Class than any other state, and is most intimately concerned with the

1   claims and outcome of this litigation.

2       96.    Application of California law to the Nationwide Class with respect to Plaintiff's and

3   Class members' claims is neither arbitrary nor fundamentally unfair because California has

4   significant contacts and a significant aggregation of contacts that create a state interest in the claims

5   of Plaintiff and the Nationwide Class.

6       97.    Under California's choice of law principles, which are applicable to this action, the

7   common law of California applies to the nationwide common law claims of all Nationwide Class

8   members.

9       **VI.    CLASS ACTION ALLEGATIONS**

10       98.    Plaintiff incorporate by reference all allegations of the preceding paragraphs as

11   though fully set forth herein.

12       99.    This action is properly maintainable as a class action. Plaintiff brings this class

13   action on behalf of himself and on behalf of all others similarly situated pursuant to the Code of

14   Civil Procedure section 382, for the following class defined as:

15       **All persons in the United States and its Territories whose Personal Identifying**
16       **Information and Protected Health Information were compromised by the Data**
17       **Breach.**

18       100.    Excluded from the Class are Defendant, any entity in which Defendants has a

19   controlling interest, and Defendants' officers, directors, legal representatives, successors,

20   subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer

21   presiding over this matter and the members of their immediate families and judicial staff.

22       101.    Alternatively, Plaintiff proposes the following alternative classes by state or groups

23   of states, defined as follows:

24       **[Name of State] Subclass: All residents of [name of State] whose PII and PHI**
25       **was compromised by the Data Breach.**

26       102.    Also in the alternative, Plaintiff request additional subclasses as necessary based on

27   the types of PII and PHI that were compromised.[23]

28   ------------------------------------------

[23] For ease of reference, the Class and state subclasses are collectively referred to herein as the "Class."

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

19

103. Plaintiff reserves the right under California Rules of Court, rule 3.765 to modify or amend the definition of the proposed Classes before the Court determines whether certification is appropriate.

104. Numerosity: The proposed Class is so numerous that joinder of all members is impracticable. Defendants reported to the U.S. Department of Health & Human Services Office of Civil Rights that approximately 500 individuals were affected by the Data Breach.[24]

105. Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include:

 a. Whether Defendants failed to adequately safeguard Plaintiff's and the Class' PII and PHI;

 b. Whether Defendants failed to protect Plaintiff's and the Class' PII and PHI;

 c. Whether Defendants' network and computer systems and data security practices used to protect Plaintiff's and the Class' PII and PHI violated the FTC Act, HIPAA, CMIA, and/or state laws and/or Defendants' other duties;

 d. Whether Defendants violated the data security statutes and data breach notification statutes applicable to Plaintiff and the Class;

 e. Whether Defendants failed to notify Plaintiff and members of the Class about the Data Breach expeditiously and without unreasonable delay after the Data Breach was discovered;

 f. Whether Defendants engaged in unfair, unlawful, or deceptive practices by failing to safeguard Breach Victims' PII and PHI properly and as promised;

 g. Whether Defendants acted negligently in failing to safeguard Plaintiff's and the Class' PII and PHI, including whether its conduct constitutes negligence per se;

 h. Whether Defendants entered into implied contracts with Plaintiff and the members

---

[24] U.S. Department of Health and Human Services Office for Civil Rights, "Breach Portal: Notice to the Secretary of HHS Breach of Unsecured Protected Health Information" available at https://ocrportal.hhs.gov/ocr/breach/breach_report.jsf (last accessed Jun. 17, 2022).

Electronically filed by Superior Court of California, County of Kings.6/22/2022 4:49 PM ,Sandra Tafolla

of the Class that included contract terms requiring Defendants to protect the confidentiality of PII and PHI and have reasonable security measures;

i. Whether Defendants violated the consumer protection statutes, data breach notification statutes, and state medical privacy statutes applicable to Plaintiff and the Class;

j. Whether Defendants failed to notify Plaintiff and Breach Victims about the Data Breach as soon as practical and without delay after the Data Breach was discovered;

k. Whether Defendants' conduct described herein constitutes a breach of their implied contracts with Plaintiff and the Class;

l. Whether Plaintiff and the members of the Class are entitled to damages as a result of Defendants' wrongful conduct;

m. What equitable relief is appropriate to redress Defendants' wrongful conduct; and

n. What injunctive relief is appropriate to redress the imminent and currently ongoing harm faced by Plaintiff and members of the Class.

106. Typicality: Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and the members of the Class sustained damages as a result of Defendants' uniform wrongful conduct.

107. Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and there are no defenses unique to Plaintiff. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

108. Risks of Prosecuting Separate Actions: This case is appropriate for certification because prosecution of separate actions would risk either inconsistent adjudications which would establish incompatible standards of conduct for the Defendants or would be dispositive of the interests of members of the proposed Class. Furthermore, Defendants are still in possession of PII and PHI of Plaintiff and the Class, and Defendants' systems are still vulnerable to attack—one

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

21

1 standard of conduct is needed to ensure the future safety of PII and PHI in Defendants' possession.

2    109.    Policies Generally Applicable to the Class: This case is appropriate for certification

3 because Defendants have acted or refused to act on grounds generally applicable to Plaintiff and

4 the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure

5 compatible standards of conduct towards members of the Class, and making final injunctive relief

6 appropriate with respect to the proposed Class as a whole. Defendants' practices challenged herein

7 apply to and affect the members of the Class uniformly, and Plaintiff's challenge to those practices

8 hinges on Defendants' conduct with respect to the proposed Class as a whole, not on individual

9 facts or law applicable only to Plaintiff.

10    110.    Superiority: This case is also appropriate for certification because class proceedings

11 are superior to all other available means of fair and efficient adjudication of the claims of Plaintiff

12 and the members of the Class. The injuries suffered by each individual member of the Class are

13 relatively small in comparison to the burden and expense of individual prosecution of the litigation

14 necessitated by Defendants' conduct. Absent a class action, it would be virtually impossible for

15 individual members of the Class to obtain effective relief from Defendant. Even if members of the

16 Class could sustain individual litigation, it would not be preferable to a class action because

17 individual litigation would increase the delay and expense to all parties, including the Court, and

18 would require duplicative consideration of the common legal and factual issues presented here. By

19 contrast, a class action presents far fewer management difficulties and provides the benefits of

20 single adjudication, economies of scale, and comprehensive supervision by a single Court.

21                          **VII.    CAUSES OF ACTION**

22                                  **COUNT I**

23                                **NEGLIGENCE**

24    111.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as

25 though fully set forth herein.

26    112.    Defendants solicited, gathered, and stored the PII and PHI of Plaintiff and the Class.

27    113.    Defendants knew, or should have known, of the risks inherent in collecting and

28 storing the PII and PHI of Plaintiff and the Class and the importance of adequate security.

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

114.    Defendants were well aware of the fact that hackers routinely attempted to access PII and PHI without authorization. Defendants also knew about numerous, well-publicized data breaches wherein hackers stole the PII and PHI from companies who held or stored such information.

115.    Lincare owed a common law duty to use reasonable care to avoid causing foreseeable risk of harm to Plaintiff and members of the Class when obtaining, storing, using, and managing personal information, including taking action to reasonably safeguard such data and providing notification to Plaintiff and the Class members of any breach in a timely manner so that appropriate action could be taken to minimize or avoid losses.

116.    This duty extends to protecting others from the risk of foreseeable criminal conduct of third parties, which has been recognized in situations where the actor's own conduct or misconduct exposes another to the risk or defeats protections put in place to guard against the risk, or where the parties are in a special relationship. See Restatement (Second) of Torts § 302B. Numerous courts and legislatures also have recognized the existence of a specific duty to reasonably safeguard personal information.

117.    Plaintiff and the Class were the intended beneficiaries of Lincare's duty to safeguard their PII and PHI, creating a special relationship between them and Lincare. Only Lincare was in a position to ensure that its systems were sufficient to protect the PII and PHI that Plaintiff and the Class entrusted to it.

118.    In addition to the general duties above, Defendants' duties specifically included the following:

    a.    To exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting and protecting the PII and PHI in its possession;

    b.    To protect the PII and PHI in its possession using reasonable and adequate security procedures and systems;

    c.    To adequately and properly audit, test, and train its employees to avoid unauthorized intrusion into its networks;

    d.    To adequately and properly audit, test, and train its employees regarding how to

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM, Sandra Tafolla

23

Electronically filed by Superior Court of California, County of Kings.6/22/2022 4:49 PM, Sandra Tafolla

1   properly and securely transmit and store PII and PHI;

2   e. To implement processes to quickly detect a data breach, security incident, or

3   intrusion; and

4   f. To promptly notify Plaintiff and Class members of any data breach, security

5   incident, or intrusion that affected or may have affected their PII and PHI.

6   119.   Defendants had additional duties imposed by statute and regulation, including the

7   duties under HIPAA, the duties under the FTC Act, the duties under the CCRA, and the duties

8   under the CMIA. Plaintiff and the Class are within the class of persons that HIPAA, the FTC Act,

9   and CMIA were intended to protect. The harms which occurred, including the loss of privacy,

10   significant risk of identity theft, and overpayment for goods and services, are the types of harm that

11   these statutes and their regulations were intended to prevent. Lincare violated these statutes when

12   it engaged in the actions and omissions alleged herein. Plaintiff's injuries were a direct and

13   proximate result of Lincare's violations of these statutes. Plaintiff therefore is entitled to the

14   evidentiary presumptions for negligence *per se* and California Evidence Code section 669.

15   120.   It was foreseeable that injury to Plaintiff and the Class would result from Lincare's

16   violation of these duties in mishandling the PII and PHI of Plaintiff and the Class.

17   121.   Because Defendants knew that a security incident, breach or intrusion upon its

18   systems would potentially damage thousands of its current and/or former patients, including

19   Plaintiff and Class members, it had a duty to adequately protect their PII and PHI.

20   122.   Defendants knew, or should have known, that its security practices and computer

21   systems did not adequately safeguard the PII and PHI of Plaintiff and the Class.

22   123.   Defendants breached its duties of care by failing to provide fair, reasonable, or

23   adequate computer systems and security practices to safeguard the PII and PHI of Plaintiff and the

24   Class.

25   124.   Defendants breached their duties of care by failing to provide prompt notice of the

26   Data Breach to the persons whose personal information was compromised.

27   125.   Defendants acted with reckless disregard for the security of the PII and PHI of

28   Plaintiff and the Class because Defendants knew or should have known that their computer systems

CLASS ACTION COMPLAINT

1    and data security practices were not adequate to safeguard the PII and PHI that it collected and

2    stored, which hackers were attempting to access.

3         126.   Defendants acted with reckless disregard for the rights of Plaintiff and the Class by

4    failing to provide prompt and adequate notice of the data breach so that they could take measures

5    to protect themselves from damages caused by the fraudulent use of PII and PHI compromised in

6    the Data Breach.

7         127.   Defendants had a special relationship with Plaintiff and the Class. Plaintiff and the

8    Class' willingness to entrust Defendants with their personal information was predicated on the

9    understanding that Defendants would take adequate security precautions. Moreover, only

10   Defendants had the ability to protect its systems (and the PII and PHI stored on them) and to

11   implement security practices to protect the PII and PHI that it collected and stored from attack.

12        128.   Defendants' own conduct also created a foreseeable risk of harm to Plaintiff and

13   Class members and their PII and PHI. Defendants' misconduct included failing to:

14        a.   Secure access to its servers;

15        b.   Comply with current industry standard security practices;

16        c.   Encrypt PII and PHI during transit and while stored on Defendants' systems;

17        d.   Properly and adequately train their employees on proper data security practices;

18        e.   Implement adequate system and event monitoring;

19        f.   Implement the systems, policies, and procedures necessary to prevent hackers from

20             accessing and utilizing PII and PHI transmitted and/or stored by Defendants;

21        g.   Undertake periodic audits of record-keeping processes to evaluate the safeguarding

22             of PII and PHI;

23        h.   Develop a written records retention policy that identifies what information must be

24             kept in their networks and for how long;

25        i.   Secure PII and PHI and limit access to it to those with a legitimate business need;

26        j.   Employ or contract with trained professionals to ensure security of network servers

27             and evaluate the systems used to manage e-mail, Internet use, and so forth;

28        k.   Avoid using Social Security numbers as a form of identification; and

25

CLASS ACTION COMPLAINT

Electronically filed by Superior Court of California, County of Kings, 6/22/2022 4:49 PM ,Sandra Tafolla

1.  Have a plan ready and in position to act quickly should a theft or data breach occur.

129.  Defendants also had independent duties under federal and state law requiring it to reasonably safeguard Plaintiff's and the Class' PII and PHI and promptly notify them about the Data Breach.

130.  Defendants breached the duties it owed to Plaintiff and Class members in numerous ways, including:

    a.  By creating a foreseeable risk of harm through the misconduct previously described;

    b.  By failing to implement adequate security systems, protocols and practice sufficient to protect their PII and PHI both before and after learning of the Data Breach;

    c.  By failing to comply with the minimum industry data security standards before, during, and after the period of the Data Breach; and

    d.  By failing to timely and accurately disclose that the PII and PHI of Plaintiff and the Class had been improperly acquired or accessed in the Data Breach.

131.  But for Defendants' wrongful and grossly negligent breach of the duties it owed Plaintiff and the Class members, their PII and PHI either would not have been compromised or they would have been able to prevent some or all of their damages.

132.  As a direct and proximate result of Defendants' negligent conduct, Plaintiff and the Class have suffered damages and are at imminent risk of certainly impending future harm.

133.  The injury and harm that Plaintiff and Class members suffered (as alleged above) was and is reasonably foreseeable.

134.  The injury and harm that Plaintiff and Class members suffered (as alleged above) was the direct and proximate result of Defendants' negligent conduct.

135.  Plaintiff and the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

## COUNT II

## BREACH OF CONTRACT

136.  Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

26

137.    As a pharmacy and medical device company, Defendants entered into contracts with Plaintiff and Class members.

138.    The promises and representations described above relating to compliance with HIPAA, CMIA, and industry practices, and about Lincare's alleged concern for its patients privacy rights became terms of the contract between it and its customers, including Breach Victims.

139.    Defendants breached these promises by failing to comply with HIPAA, CMIA, and reasonable industry practices.

140.    As a result of Defendants' breach of these terms, Breach Victims have been seriously harmed and put at grave risk of debilitating future harms.

141.    Plaintiff and Class members are therefore entitled to damages, including restitution and unjust enrichment, declaratory and injunctive relief, and attorney fees, costs, and expenses.

**COUNT III**

**BREACH OF IMPLIED CONTRACT**

**(Alternatively to Count II)**

142.    Plaintiff incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

143.    When Plaintiff and the Class members provided their PII and PHI to Defendants when seeking to purchase medical devices or medications, they entered into implied contracts in which Defendants agreed to comply with its statutory and common law duties to protect their PII and PHI and to timely notify them in the event of a data breach.

144.    Defendants required its patients and employees to provide PII and PHI in order to purchase medical devices or medications.

145.    Defendants affirmatively represented that it collected and stored the PII and PHI of Plaintiff and the members of the Class in compliance with HIPAA, the CMIA, and other statutory and common law duties, and using reasonable, industry standard means.

146.    Based on the implicit understanding and also on Defendants' representations (as described above), Plaintiff and the Class accepted Defendants' offers and provided Defendants with their PII and PHI.

27

CLASS ACTION COMPLAINT

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

147.    Plaintiff and Class members would not have provided their PII and PHI to Defendants had they known that Defendants would not safeguard their PII and PHI as promised or provide timely notice of a data breach.

148.    Plaintiff and Class members fully performed their obligations under the implied contracts with Defendant.

149.    Defendants breached the implied contracts by failing to safeguard Plaintiff's and Class members' personal information and failing to provide them with timely and accurate notice of the Data Breach.

150.    The losses and damages Plaintiff and Class members sustained (as described above) were the direct and proximate result of Defendants' breach of the implied contract with Plaintiff and Class members.

**COUNT IV**

**BREACH OF IMPLIED COVENANT**

**OF GOOD FAITH AND FAIR DEALING**

151.    Plaintiff incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

152.    As described above, Lincare made promises and representations to Plaintiff and the Class that it would comply with HIPAA and other applicable laws and industry best practices.

153.    These promises and representations became a part of the contract between Lincare and Breach Victims.

154.    While Lincare had discretion in the specifics of how it met the applicable laws and industry standards, this discretion was governed by an implied covenant of good faith and fair dealing.

155.    Defendants breached this implied covenant when it engaged in acts and/or omissions that are declared unfair trade practices by the FTC and state statutes and regulations (including California's UCL), and when it engaged in unlawful practices under HIPAA, the CMIA, and other state personal and medical privacy laws. These acts and omissions included: representing that it would maintain adequate data privacy and security practices and procedures to safeguard the PII

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

1   and PHI from unauthorized disclosures, releases, data breaches, and theft; omitting, suppressing,

2   and concealing the material fact of the inadequacy of the privacy and security protections for the

3   Class's PII and PHI; and failing to disclose to the Class at the time they provided their PII and PHI

4   to it that Lincare's data security systems, including training, auditing, and testing of employees,

5   failed to meet applicable legal and industry standards.

6       156.    Plaintiff and Class members did all or substantially all of the significant things that

7   the contract required them to do.

8       157.    Likewise, all conditions required for Defendants' performance were met.

9       158.    Defendants' acts and omissions unfairly interfered with Class Members' rights to

10  receive the full benefit of their contracts.

11      159.    Plaintiff and Class Members have been harmed by Defendants' breach of this

12  implied covenant in the many ways described above, including overpayment for products and

13  services, actual identity theft and/or imminent risk of certainly impending and devastating identity

14  theft that exists now that cyber criminals have their PII and PHI, and the attendant long-term

15  expense of attempting to mitigate and insure against these risks.

16      160.    Lincare is liable for this breach of these implied covenants whether or not it is found

17  to have breached any specific express contractual term.

18      161.    Plaintiff and Class members are entitled to damages, including compensatory

19  damages and restitution, declaratory and injunctive relief, and attorney fees, costs, and expenses.

20                                  **COUNT V**

21                              **UNJUST ENRICHMENT**

22                          **(Alternative to Counts II–IV)**

23      162.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as

24  though fully set forth herein.

25      163.    Plaintiff and Class Members conferred a monetary benefit on Defendants.

26  Defendants received and retained money belonging to Plaintiff and Class Members either directly

27  through copayments and coinsurance or indirectly through health insurance/medical plans that they

28  had paid for.

CLASS ACTION COMPLAINT

*Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla*

164.    Defendants had knowledge of the benefits conferred on it by Plaintiff and the Class Members.

165.    The money that Plaintiff and Class members paid indirectly to Defendants was supposed to be used by Defendants, in part, to pay for the costs of HIPAA and CMIA compliance and reasonable data privacy and security practices and procedures.

166.    As a result of Defendants' conduct, Plaintiff and Class members suffered damages in an amount equal to the difference in value between health care services with the reasonable data privacy and security practices and procedures that they paid for, and the inadequate health care services without reasonable data privacy and security practices and procedures that they received.

167.    Under principals of equity and good conscience, Defendants should not be permitted to retain the money belonging to Plaintiff and Class members because Defendants failed to implement (or to adequately implement) the data privacy and security practices and procedures that Plaintiff and Class members paid for and that were otherwise mandated by HIPAA regulations, federal, state, and local laws, and industry standards.

168.    Defendants should be compelled to disgorge into a common fund for the benefit of Plaintiff and Class members all unlawful or inequitable proceeds that Defendants received.

169.    A constructive trust should be imposed on all unlawful or inequitable sums received by Defendants traceable to Plaintiff and Class Members.

**COUNT VI**

**CALIFORNIA UNFAIR COMPETITION LAW**

**Cal. Bus. & Prof. Code, § 17200, et seq.**

**(On Behalf of the Class or alternatively a California Subclass)**

170.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

171.    Defendants is both organized under the laws of California and headquartered in California. Defendants violated California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code, § 17200, et seq.) by engaging in unlawful, unfair or fraudulent business acts and practices and unfair, deceptive, untrue or misleading advertising that constitute acts of "unfair competition"

30

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

1    as defined in the UCL, including, but not limited to, the following:

2        a.  by representing and advertising that it would maintain adequate data privacy and

3            security practices and procedures to safeguard their PII and PHI from unauthorized

4            disclosure, release, data breach, and theft; representing and advertising that they did

5            and would comply with the requirement of relevant federal and state laws pertaining

6            to the privacy and security of the Class' PII and PHI; and omitting, suppressing, and

7            concealing the material fact of the inadequacy of the privacy and security protections

8            for the Class' PII and PHI;

9        b.  by soliciting and collecting Class members' PII and PHI with knowledge that the

10           information would not be adequately protected; and by storing Plaintiff's and Class

11           members' PII and PHI in an unsecure electronic environment;

12       c.  by failing to disclose the Data Breach in a timely and accurate manner, in violation

13           of California Civil Code section 1798.82;

14       d.  by violating the privacy and security requirements of HIPAA, 42 U.S.C. §1302d, et

15           seq.;

16       e.  by violating the CMIA, California Civil Code section 56, et seq.;

17       f.  by violating the CCRA, California Civil Code section 1798.82.

18   172.   These unfair acts and practices were immortal, unethical, oppressive, unscrupulous,

19   unconscionable, and/or substantially injurious to Plaintiff and Class members. Defendants' practice

20   was also contrary to legislatively declared and public policies that seek to protect consumer data

21   and ensure that entities who solicit or are entrusted with personal data utilize appropriate security

22   measures, as reflected by laws like the FTC Act, 15 U.S.C. § 45, HIPAA, 42 U.S.C. § 1302d, et

23   seq., CMIA, Cal. Civ. Code, § 56, et seq., and the CCRA, Cal. Civ. Code, § 1798.81.5.

24   173.   As a direct and proximate result of Defendants' unfair and unlawful practices and

25   acts, Plaintiff and the Class were injured and lost money or property, including but not limited to

26   the overpayments Defendants received to take reasonable and adequate security measures (but did

27   not), the loss of their legally protected interest in the confidentiality and privacy of their PII and

28   PHI, and additional losses described above.

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM,Sandra Tafolla

31

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

174.   Defendants knew or should have known that its computer systems and data security practices were inadequate to safeguard Plaintiff's and Class members' PII and PHI and that the risk of a data breach or theft was highly likely. Defendants' actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of the Class.

175.   Plaintiff seeks relief under the UCL, including restitution to the Class of money or property that the Defendants may have acquired by means of Defendants' deceptive, unlawful, and unfair business practices, declaratory relief, attorney fees, costs and expenses (pursuant to Cal. Code Civ. Proc., § 1021.5), and injunctive or other equitable relief.

**COUNT VII**

**CALIFORNIA CONSUMER RECORDS ACT**

**Cal. Civ. Code § 1798.82, et seq.**

**(On Behalf of Plaintiff and an alternative California Class)**

176.   Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

177.   Section 1798.2 of the California Civil Code requires any "person or business that conducts business in California, and that owns or licenses computerized data that includes personal information" to "disclose any breach of the security of the system following discovery or notification of the breach in the security of the data to any resident of California whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person." Under section 1798.82, the disclosure "shall be made in the most expedient time possible and without unreasonable delay . . . ."

178.   The CCRA further provides: "Any person or business that maintains computerized data that includes personal information that the person or business does not own shall notify the owner or licensee of the information of any breach of the security of the data immediately following discovery, if the personal information was, or is reasonably believed to have been, acquired by an unauthorized person." (Cal. Civ. Code, § 1798.82(b).)

179.   Any person or business that is required to issue a security breach notification under

32

the CCRA shall meet all of the following requirements:

    a.   The security breach notification shall be written in plain language;

    b.   The security breach notification shall include, at a minimum, the following information:

         i.   The name and contact information of the reporting person or business subject to this section;

        ii.   A list of the types of personal information that were or are reasonably believed to have been the subject of a breach;

       iii.   If the information is possible to determine at the time the notice is provided, then any of the following:

           1.   The date of the breach;

           2.   The estimated date of the breach; or

           3.   The date range within which the breach occurred. The notification shall also include the date of the notice.

    c.   Whether notification was delayed as a result of a law enforcement investigation, if that information is possible to determine at the time the notice is provided;

    d.   A general description of the breach incident, if that information is possible to determine at the time the notice is provided; and

    e.   The toll-free telephone numbers and addresses of the major credit reporting agencies if the breach exposed a Social Security number or a driver's license or California identification card number.

180.   The Data Breach described herein constituted a "breach of the security system" of Defendant.

181.   As alleged above, Defendants unreasonably delayed informing Plaintiff and Class members about the Data Breach, affecting their PII and PHI, after Defendants knew the Data Breach had occurred.

182.   Defendants failed to disclose to Plaintiff and the Class, without unreasonable delay and in the most expedient time possible, the breach of security of their unencrypted, or not properly

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

33

1   and securely encrypted, PII and PHI when Defendants knew or reasonably believed such
2   information had been compromised.

3       183.    Defendants' ongoing business interests gave Defendants incentive to conceal the
4   Data Breach from the public to ensure continued revenue.

5       184.    Upon information and belief, no law enforcement agency instructed Defendants that
6   timely notification to Plaintiff and the Class would impede its investigation.

7       185.    As a result of Defendants' violation of California Civil Code section 1798.82,
8   Plaintiff and the Class were deprived of prompt notice of the Data Breach and were thus prevented
9   from taking appropriate protective measures, such as securing identity theft protection or requesting
10  a credit freeze. These measures could have prevented some of the damages suffered by Plaintiff
11  and Class members because their stolen information would have had less value to identity thieves.

12      186.    As a result of Defendants' violation of California Civil Code section 1798.82,
13  Plaintiff and the Class suffered incrementally increased damages separate and distinct from those
14  simply caused by the Data Breach itself.

15      187.    Plaintiff and the Class seek all remedies available under California Civil Code
16  section 1798.84, including, but not limited to the damages suffered by Plaintiff and the other Class
17  members as alleged above and equitable relief.

18      188.    Defendants' misconduct as alleged herein is fraud under California Civil Code
19  section 3294(c)(3) in that it was deceit or concealment of a material fact known to the Defendants
20  conducted with the intent on the part of Defendants of depriving Plaintiff and the Class of "legal
21  rights or otherwise causing injury." In addition, Defendants' misconduct as alleged herein is malice
22  or oppression under California Civil Code section 3294(c)(1) and (c) in that it was despicable
23  conduct carried on by Defendant with a willful and conscious disregard of the rights or safety of
24  Plaintiff and the Class and despicable conduct that has subjected Plaintiff and the Class to crewel
25  and unjust hardship in conscious disregard of their rights. As a result, Plaintiff and the Class are
26  entitled to punitive damages against Defendants under California Civil Code section 3294(a).
27  ///
28  ///

34

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

**COUNT VIII**

**CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT,**

**Cal. Civ. Code § 56, et seq.**

189.   Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

190.   Defendants is a "contractor," as defined in California Civil Code section 56.05(d), a "pharmaceutical company," as defined in *id*. section 56.05(1), and "a provider of health care," as defined in California Civil Code section 56.06, and is therefore subject to the requirements of the CMIA, California Civil Code sections 56.10(a), (d) and (e), 56.36(b), 56.101(a) and (b).

191.   Defendants are a person licensed under California under California's Business and Professions Code, Division 2. (*See*, Cal. Bus. Prof. Code, § 4000, et seq.) Lincare therefore qualifies as a "provider of health care," under the CMIA.

192.   Plaintiff and the Class are "patients," as defined in CMIA, California Civil Code section 56.05(k) ("'Patient' means any natural person, whether or not still living, who received health care services from a provider of health care and to whom medical information pertains.").

193.   Defendants disclosed "medical information," as defined in CMIA, California Civil Code section 56.05(j), to unauthorized persons without first obtaining consent, in violation of California Civil Code section 56.10(a). The disclosure of information to unauthorized individuals in the Data Breach resulted from the affirmative actions of Lincare's employees, which allowed the hackers to see and obtain Plaintiff's and the Class members' medical information.

194.   Defendants' negligence resulted in the release of individually- identifiable medical information pertaining to Plaintiff and the Class to unauthorized persons and the breach of the confidentiality of that information. Defendants' negligent failure to maintain, preserve, store, abandon, destroy, and/or dispose of Plaintiff' and Class members' medical information in a manner that preserved the confidentiality of the information contained therein, in violation of California Civil Code sections 56.06 and 56.101(a).

195.   Defendants' computer systems did not protect and preserve the integrity of electronic medical information in violation of California Civil Code section 6.101(b)(1)(A).

35

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

1    196.   Plaintiff and the Class were injured and have suffered damages, as described above,

2 from Defendants' illegal disclosure and negligent release of their medical information in violation

3 of California Civil Code sections 56.10 and 56.101, and therefore seek relief under Civil Code

4 sections 56.35 and 56.36, including actual damages, nominal statutory damages of $1,000, punitive

5 damages of $3,000, injunctive relief, and attorney fees, expenses and costs.

6                                      **COUNT IX**

7                                **DECLARATORY RELIEF**

8    197.   Plaintiff incorporates by reference all allegations of the preceding paragraphs as

9 though fully set forth herein.

10    198.   This Count is brought under the federal Declaratory Judgment Act, 28 U.S.C. §2201.

11    199.   As previously alleged, Plaintiff and members of the Class entered into an implied

12 contract that required Defendants to provide adequate security for the PII and PHI it collected from

13 Plaintiff and the Class.

14    200.   Defendants owes a duty of care to Plaintiff and the members of the Class that

15 requires it to adequately secure PII and PHI.

16    201.   Defendants still possess PII and PHI regarding Plaintiff and members of the Class.

17    202.   Since the Data Breach, Defendants has announced few if any changes to their data

18 security infrastructure, processes or procedures to fix the vulnerabilities in their computer systems

19 and/or security practices which permitted the Data Breach to occur and go undetected for months

20 and, thereby, prevent further attacks.

21    203.   Defendants has not satisfied its contractual obligations and legal duties to Plaintiff

22 and the Class. In fact, now that Defendants' insufficient data security is known to hackers, the PII

23 and PHI in Defendants' possession is even more vulnerable to cyberattack.

24    204.   Actual harm has arisen in the wake of the Data Breach regarding Defendants'

25 contractual obligations and duties of care to provide security measures to Plaintiff and the members

26 of the Class. Further, Plaintiff and the members of the Class are at risk of additional or further harm

27 due to the exposure of their PII and PHI and Defendants' failure to address the security failings that

28 lead to such exposure.

CLASS ACTION COMPLAINT

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

1  205. There is no reason to believe that Defendants' security measures are any more

2 adequate now than they were before the breach to meet Defendants' contractual obligations and

3 legal duties.

4  206. Plaintiff, therefore, seeks a declaration that Defendants' existing security measures

5 do not comply with its contractual obligations and duties of care to provide adequate security and

6 that to comply with its contractual obligations and duties of care, Defendants must implement and

7 maintain additional security measures.

8         **VIII.   PRAYER FOR RELIEF**

9  207. WHEREFORE, Plaintiff and the Class pray for judgment against Defendants as

10 follows:

11   a. For an order certifying the Class, as defined herein, and appointing Plaintiff and his

12     Counsel to represent each such Class;

13   b. A judgment in favor of Plaintiff and the Class awarding them appropriate monetary

14     relief, including actual and statutory damages, including statutory damages under

15     the CMIA, punitive damages, attorney fees, expenses, costs, and such other and

16     further relief as is just and proper.

17   c. An order providing injunctive and other equitable relief as necessary to protect the

18     interests of the Class as requested herein, including, but not limited to:

19     i. Ordering that Defendants engage third-party security auditors/penetration

20      testers as well as internal security personnel to conduct testing, including

21      simulated attacks, penetration tests, and audits on Defendants' systems on a

22      periodic basis, and ordering Defendants to promptly correct any problems or

23      issues detected by such third-party security auditors;

24     ii. Ordering that Defendants engage third-party security auditors and internal

25      personnel to run automated security monitoring;

26     iii. Ordering that Defendants audit, test, and train their security personnel

27      regarding any new or modified procedures;

28     iv. Ordering that Defendants' segment customer data by, among other things,

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

37

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM ,Sandra Tafolla

creating firewalls and access controls so that if one area of Defendants' systems is compromised, hackers cannot gain access to other portions of Defendants' systems;

v.  Ordering that Defendants cease transmitting unencrypted PII and PHI;

vi.  Ordering that Defendants cease storing unencrypted PII and PHI;

vii.  Ordering that Defendants purge, delete, and destroy in a reasonably secure manner customer data not necessary for its provisions of services;

viii.  Ordering that Defendants conduct regular database scanning and securing checks;

ix.  Ordering that Defendants routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach; and

x.  Ordering Defendants to meaningfully educate its current, former, and prospective employees and subcontractors about the threats they face as a result of the loss of their financial and personal information to third parties, as well as the steps they must take to protect themselves.;

d.  An order requiring Defendants to pay the costs involved in notifying the Class members about the judgment and administering the claims process;

e.  A judgment in favor of Plaintiff and the Class awarding them pre-judgment and post-judgment interest, reasonable attorneys' fees, costs and expenses as allowable by law, including CCRA, Cal. Civ. Code § 1798.84(g), UCL, Cal. Bus. & Prof. Code § 17082, CMIA, Cal. Civ. Code 56.35; and

f.  An award of such other and further relief as this Court may deem just and proper.

## IX.  DEMAND FOR JURY TRIAL

208.  Plaintiff hereby demands a trial by jury on all appropriate issues raised in this Complaint.

\\\

\\\

CLASS ACTION COMPLAINT

Electronically filed by Superior Court of California, County of Kings,6/22/2022 4:49 PM,Sandra Tafolla

1

DATED: June 21, 2022

Respectfully Submitted,

2

3    By,

4    **BRADLEY/GROMBACHER LLP**
Marcus J. Bradley, Esq.

5    Kiley L. Grombacher, Esq.
Lirit A. King, Esq.

6    *Attorneys for Plaintiff and the Proposed Class*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT